925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1559.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 4
 Duane Davis, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Davis was convicted, by a jury, of conspiracy to possess heroin (count 1), conspiracy to import heroin (count 2), possession with intent to distribute heroin (count 26), and engaging in a continuing criminal enterprise (count 27). He was sentenced to a total of twenty-five years imprisonment and was assessed a $25,000 fine. On direct appeal, this court affirmed counts 26 and 27 but vacated counts 1 and 2 finding that they were lesser included offenses of count 27. United States v. Davis, 809 F.2d 1194, 1205 (6th Cir.), cert. denied 483 U.S. 1007 (1987).
 
 
 6
 Thereafter, Davis filed his motion to vacate alleging: 1) an abuse of process by the grand jury; 2) prosecutorial misconduct; 3) ineffective assistance of counsel; 4) substantial disparity between his sentence and the sentence of a co-defendant; 5) less than a unanimous jury; and 6) failure to give a specific jury instruction on the credibility of police officers. Davis did not raise these claims on direct appeal. The district court denied the motion, finding that Davis was procedurally barred from raising the claims in a Sec. 2255 proceeding because he did not establish prejudice to excuse his failure to raise the issue on direct appeal. The court also addressed the merits of the individual claims and found they did not warrant relief.
 
 
 7
 On appeal, Davis argues that ineffective assistance of counsel was "cause" for his procedural default. He also requests the appointment of counsel.
 
 
 8
 Upon review, we shall affirm the district court's judgment for the reasons stated in the court's opinion dated April 30, 1990.
 
 
 9
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation